UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CEDRIC DIXON,** | ) |
| **Plaintiff,** | ) |
| | ) No. 3:20-cv-00991 |
| v. | ) |
| | ) Judge Trauger |
| **METRO NASHVILLE POLICE DEP'T,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Cedric Dixon, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against twenty-four defendants, alleging violations of his civil rights. (Doc. No. 1). The plaintiff also has filed three motions to amend the complaint (Doc. Nos. 5, 6, 8).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.    Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . .

2

." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**III.    Alleged Facts**

The complaint, which is fifty-four handwritten pages, is replete with repetitive allegations and difficult to follow. There are seventeen pages of attachments to the complaint, and those attachments are not labeled and indexed.

A significant portion of the complaint is devoted to allegations that the plaintiff's constitutional rights have been and are being violated in the course of state criminal proceedings against him, including allegations that he is being followed, harassed, prosecuted, and discriminated against because he is Black; proper procedures have not been followed in his indictment and prosecution; he is being subjected to double jeopardy; his attorney refused to follow his directions; and he is innocent of the prostitution-related charges against him.

Interspersed throughout the plaintiff's allegations pertaining to his state criminal proceedings are allegations including, but not limited to, conspiracy, sexual harassment, racial discrimination, unconstitutional conditions of confinement, defamation, slander, unlawful employment termination, deprivation of property, and retaliation.

**IV.    Analysis**

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984); *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a

judgment in foreclosing relitigation of a matter that has been litigated and decided." *Rawe*, 462 F.3d at 528 n.5. In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Id.*

### A. Issue Preclusion

"Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." *Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

The plaintiff previously filed a complaint under Section 1983 against two of the same defendants named in the instant lawsuit (Elaine Heard and the State of Tennessee) and other individuals.[1] *See Cedric Dixon v. State of Tenn., et al.*, No. 3:15-cv-00547 (M.D. Tenn. filed 5/11/2015) (Sharp, J). In that case, "[t]he gist of his lawsuit is that his constitutional rights are being violated in the course of criminal proceedings against him." (*Id.* at 2). The court dismissed the action, finding that "the plaintiff's claims . . . relate directly to the validity of the procedures employed in his criminal prosecution and may not proceed under § 1983 while the criminal charges are pending against him." (*Id.* at 3). Alternatively, the court held that the plaintiff's allegations failed to state claims under Section 1983 against any of the named defendants. (*Id.* at 4-5). Specifically, as to Elaine Heard, the plaintiff's appointed public defender, the court found that she

---

[1] The plaintiff previously filed another complaint under Section 1983 against the Metropolitan Nashville Police Department (also a defendant in this case), but it is unclear whether that action involved any of the same incidents as the instant complaint. *See Cedric Dixon v. Metro. Police Dep't*, No. 3:14-cv-02396 (M.D. Tenn. filed 12/29/2014) (Sharp, J.).

4

did "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (*Id*. at 4). As to the State of Tennessee, the court found that the state "is immune from suit under the Eleventh Amendment to the United States Constitution." (*Id*.)

From a review of both complaints, the plaintiff's previous lawsuit and current lawsuit, in part, concern the same allegations and two of the same defendants. One of the precise issues now raised, *i.e.,* whether the plaintiff's rights were violated in the course of his state criminal proceedings, was raised and litigated in the prior action. The court already has reviewed that claim under the Prison Litigation Reform Act and determined that it could not proceed under Section 1983 while the criminal charges were pending against the plaintiff and, in any event, the allegations failed to state a claim under Section 1983 upon which relief can be granted

That determination is conclusive in this subsequent suit based in part on the same cause of action under Section 1983. First, the precise issue was raised and actually litigated in the plaintiff's prior lawsuit. The same claim cannot be relitigated by the plaintiff in this or any other action in federal court, even if the plaintiff seeks monetary damages in the instant lawsuit instead of release from prison.[2] *See Prometheus Health*, 394 F. App'x 280, 283; *see e.g., Hamilton v. State Farm Fire & Cas. Co.*, 127 F.3d 1102, 1103 (6th Cir. 1997) ("The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action.").

Second, the court's prior determination that the plaintiff's allegations failed to state a claim upon which relief can be granted under Section 1983 was clearly necessary to the outcome of the

---

[2] In this case, the plaintiff seeks the dismissal of the state criminal charges pending against him, injunctive relief, compensatory relief, and punitive damages. (Doc. No. 1 at 10, 52).

prior proceeding. Thus, the second requirement for issue preclusion is met. *See Prometheus Health*, 394 F. App'x 280, 283.

Third, the court's decision to dismiss the plaintiff's claims pursuant to the Prison Litigation Reform Act in the previous case was a final judgment on the merits. *See Dixon*, Case No. 3:15-cv-00547 (Doc. No. 8). That judgment is binding on the plaintiff. *See Prometheus Health*, 394 F. App'x 280, 283; *see also Goodwin v. Hall*, No. 3:16-1347, 2016 WL 3430430, at *2 (M.D. Tenn. June 22, 2016) (finding that court's prior decision after screening prisoner-plaintiff's claim under the Prison Litigation Reform Act constituted a final decision on the merits).

Fourth, even though the plaintiff has proceeded pro se in both actions, there is no evidence that he has been deprived of an opportunity to fully and fairly litigate his cases. *See Prometheus Health*, 394 F. App'x 280, 283; *see also United States v. Guy*, No. 1:05 CV 2605, 2006 WL 1874709, at *6 n.5 (N.D. Ohio July 3, 2006) (defendant's "partial pro se status did not prevent [her] from having a 'full and fair' opportunity to litigate" an issue).

Consequently, the court concludes that the elements of issue preclusion are met as to defendants Elaine Heard and the State of Tennessee. The plaintiff is barred from relitigating the court's prior adjudication of the same Section 1983 claims against the same defendants. In other words, the plaintiff cannot file the same claims against the same defendants in a new action in the hope of achieving a different result.

### B. Claim Preclusion

With regard to the plaintiff's claims in this action related to his state criminal proceedings against defendants who were not named as defendants in the plaintiff's prior action,[3] claim

---

[3] Due to the length and obfuscation of the complaint, it would be laborious for the court to parse each page to identify every defendant against whom the plaintiff asserts claims related to his state criminal proceedings. However, because the court is directing the plaintiff to file an amended complaint, the court will dismiss all appropriate defendants after the receipt and screening of the amended complaint.

6

preclusion bars those claims. "Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit." *Notredan, LLC v. Old Republic Exchange Facilitator Co.*, 875 F. Supp.2d 780, 786 (W.D. Tenn. June 21, 2012) (citing *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003)). "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Here, claims pertaining to the plaintiff's state criminal proceedings could have been brought in the prior action. All of the facts upon which those claims rest were known to him when he filed the prior action. The plaintiff should not be permitted to split his cause of action into two separate federal lawsuits filed five years apart; instead, he should have raised in a single lawsuit all the grounds for recovery arising from concerns about his state criminal proceedings. *See Notredan*, 875 F. Supp.2d 780, 787. The court therefore finds that all claims that arose or could have arisen in the plaintiff's prior action are barred by claim preclusion and should be dismissed.

The court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. *See* Fed. R. Civ. P .8(c). However, the Supreme Court and the Sixth Circuit have indicated that a court may take the initiative to assert the res judicata defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Gooch v. Life Investors Ins. Co. of Am.,* 672 F.3d 402, 418 (6th Cir. 2011) (citing *Arizona* for the proposition that the court may address *sua sponte* the issue of res judicata). The "special circumstance" recognized in *Arizona* is when "a court is on notice that it has previously decided the issue presented." *Id*. at 412 (citations and internal quotation marks omitted). As this case is, in part, a refiling of a case that was before this court five years ago, the court finds that the claims and issues presented in this case pertaining

7

to the plaintiff's state criminal proceedings have been thoroughly litigated and decided on the merits.

**C.** *Heck* **Claims**

Even if the plaintiff's claims as discussed above were not barred by claim preclusion, the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) (emphasis added). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.,* reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The plaintiff's request to have this court dismiss his state criminal charges directly challenges his continued confinement. This request is barred by *Heck* and its progeny.

### D.  Other Allegations

With respect to the remaining allegations of the complaint, the plaintiff has failed to comply with Federal Rule of Civil Procedure 8, which directs that a complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). "The objective of Rule 8 . . . was to make complaints simpler, rather than more expansive." *Kuot v. Corr. Corp. of Am.*, No. 1:16-cv-00006, 2018 WL 655158, at *1 (M.D. Tenn. Feb. 1, 2018) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "the only permissible pleading in a federal district court is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Id.* (quoting *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975)). "This is to avoid situations . . . wherein the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Id.* "Complaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed under Federal Rule of Civil Procedure 8." *Id.* (citing *Smith v. City of Chattanooga*, 2010 U.S. Dist. LEXIS 134171, at *4-5, 2010 WL 5257238 (E.D. Tenn. Dec. 17, 2010) (dismissing complaint that is "replete with so much irrelevant information that the Court is unable to determine the precise nature of [plaintiff's] claims"); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283 (E.D. Tenn. 1966) (dismissing 117-page complaint because it was "so prolix, loosely drawn, and involved as to be unintelligible")).

Here, as noted above, the complaint "is neither short nor plain." *Kuot*, 2018 WL 655158, at *2. However, because the court must liberally construe a pro se complaint and because the plaintiff expresses the desire to amend his complaint (Doc. Nos. 5, 6, 8), the court will allow the

9

plaintiff an opportunity to comply with Rule 8 rather than dismissing the complaint at this time. In lieu of dismissal, and in lieu of proceeding with multiple, separate documents comprising amendments to the original complaint, the court will permit the plaintiff to file <u>a single amended complaint</u> showing that he is entitled to relief on any legally sustainable grounds, <u>except that</u> the plaintiff should not include any allegations pertaining to his state criminal charges or proceedings, as those claims have been dismissed.

The amended complaint should be much shorter so the court and the defendants do not have to wade through "a mass of verbiage." *Kuot*, 2018 WL 655158, at *2. The amended complaint should be organized so that it clearly identifies the claims against each defendant; however, the amended complaint should not include any allegations related to the plaintiff's state criminal proceedings. The plaintiff should avoid "legal argument, conclusory statements, tangential discussions, and the provision of unnecessary supporting evidence." *Id*. If the plaintiff submits exhibits in support of his amended complaint, those exhibits must be clearly labeled and indexed. For example, an appropriate label would be: "Exhibit 1 to the amended complaint, Letter from John Doe dated October 16, 2019."

**V.      Conclusion**

For the reasons explained herein, the plaintiff's claims pertaining to his state criminal proceedings are barred by the doctrines of issue and claim preclusion. Accordingly, those claims will be dismissed.

The plaintiff's motions to amend the complaint (Doc. Nos. 5, 6, 8) will be granted insofar as the plaintiff will be directed to file a single amended complaint that complies with Federal Rule of Civil Procedure Rule 8, <u>except that</u> the plaintiff should not include any allegations pertaining to his state criminal charges or proceedings, as those claims have been dismissed. If the plaintiff fails

to submit an amended complaint within the proscribed time period, the court will dismiss this action.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge