# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CEDRIC DIXON,** | ) |
| **Plaintiff,** | ) |
| | ) No. 3:20-cv-00991 |
| v. | ) |
| | ) Judge Trauger |
| **METRO NASHVILLE POLICE DEP'T,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

By order and memorandum opinion entered on December 23, 2020, the court granted Cedric Dixon's application to proceed in forma pauperis, reviewed his complaint pursuant to the Prison Litigation Reform Act, and found that his claims pertaining to his state criminal charges and proceedings are barred by the doctrines of issue and claim preclusion. (Doc. Nos. 16 and 17). The court also granted the plaintiff's motions to amend the complaint insofar the court directed the plaintiff to file a single amended complaint that complies with Federal Rule of Civil Procedure 8. (*Id.*)

Plaintiff Cedric Dixon since has filed the following motions: "Form 1-12-01-1 Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter/Due Process" (Doc. No. 11); Motion to Subpoena Sentencing Order and Court Documents (Doc. No. 13); Motion for Declaratory and Injunctive Relief (Doc. No. 14); "Motion to Amend State of Tennessee New Cause of Action Double Jeopardy" (Doc. No. 15); Motion to Amend Complaint re: attorney Brian Griffen (Doc. No. 18); Motion to Amend Complaint re Cheryl Blackburn (Doc. No. 19); Motion to Amend CCS Medical New Cause of Action Mental Health (Doc. No. 20); and "Motion to File 28 U.S.C. § 951 and Rule 60 B" (Doc. No. 21). The court will address each motion in turn.

1

I.  **"Form 1-12-01-1 Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter/Due Process" (Doc. No. 11)**

In this motion, the plaintiff seeks the dismissal of the state criminal charges against him, claiming that a state court lacked subject matter jurisdiction to "resentence him" "based on 5th Amendment Due Process clause of the 5th Amendment which would result in double jeopardy" and the charges violate "the preclusion of judgments res judicata" and collateral estoppel. (Doc. No. 11 at 4-5, 7).

This court cannot dismiss state charges pending against the plaintiff. He must mount any challenges to the state court's jurisdiction in state court. As the court previously explained, the plaintiff's request to have this court dismiss his state criminal charges directly challenges his continued confinement. Such a request is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), and its progeny. (*See* Doc. No. 16 at 7-8). The motion (Doc. No. 11) therefore is **DENIED**.

II.  **Motion to Subpoena Sentencing Order and Court Documents (Doc. No. 13)**

In this motion, the plaintiff seeks a subpoena to obtain the "sentencing order and court documents from criminal court 2014-D-2774 and initial appearance for [certain] cases" (Doc. No. 13 at 2). The plaintiff states that the state Criminal Clerk Court refuses to give him these documents. (*Id.*)

This court cannot order a state court clerk to provide documents to the plaintiff. The plaintiff must pursue his concerns in state court. The motion (Doc. No. 13) is **DENIED**.

In addition, the plaintiff asks why he is "constantly being denied access to the U.S. District Court." (*Id.* at 1). The plaintiff points to the Clerk's Office return of affidavits he attempted to file in this court; according to the plaintiff, "Affidavits don't need a case number. It's the Courts [sic] duty to file the affidavit and docket it." (*Id.*) The plaintiff believes that "someone at the District

Court is working with Metro Police, Trial Court, Davidson County Sheriffs Dept" to deny him access to the court. (*Id.*)

The plaintiff, like any other litigant, must follow the rules of this court and the Federal Rules of Civil Procedure when filing documents. Any document that is submitted to the Clerk's Office will be returned to the sender for the following reasons, which are not all-inclusive: if no case number is indicated on the document and it is unclear in which case the sender wishes to file the document; the case number included on the document does not match any case number in our district; more than one case number is included on the document, and the document is insufficient to initiate a new federal action; failure to comply with Local Rule 7.01, which provides that no memorandum filed in support of a motion shall exceed 25 pages without leave of court; failure to comply with Local Rule 7.03, which provides that all pleadings, motions, briefs, and all other papers presented for filing must be formatted to 8-1/2" x 11" paper, with one-inch margins and at least 12-point font. The filing must be one-sided. Documents presented to the Clerk for filing must be typed, printed, or prepared by a clearly legible duplicating process and all pages must be numbered at the bottom; or if the filer has submitted multiple copies of the same document. Further, when a document is returned to the sender, the Clerk's Office notifies the sender as follows:

> This does not mean that your requests have been denied or that your case (if you have one) has been dismissed. Please consult the Local Rules of Court and the Federal Rules of Civil Procedure before resubmitting your document(s). Your compliance with these rules will enable your filings to be processed accurately and efficiently. Thank you for your attention to these matters.

U.S. District Court, M.D. Tenn. Clerk's Office Intake Form (last revised 2020).

Here, the plaintiff clearly is not being denied access to this court, having filed a complaint, two "Affidavits of Complaint," an application to proceed in forma pauperis, multiple letters, eleven

3

Case 3:20-cv-00991   Document 24   Filed 02/01/21   Page 3 of 6 PageID #: 237

motions, and various other filings. The affidavits the plaintiff attempted to file did not contain case numbers and could not be matched with any action, pending or closed, in this court.

### III. Motion for Declaratory and Injunctive Relief (Doc. No. 14)

In this motion, the plaintiff seeks declaratory and injunctive relief against attorney Brian Griffen, whom the plaintiff identifies as his state criminal defense lawyer. (Doc. No. 14 at 1). According to the plaintiff, Mr. Griffen has "sexually harassed [the plaintiff], obstructed justice, conspired to kill [the plaintiff], and threatened [the plaintiff's] life on September 4, 2020." (*Id.*) In addition, the plaintiff alleges that Mr. Griffen "is constantly putting [the plaintiff's] case off" and "refuses to get off [the plaintiff's] case." (*Id.*)

If the plaintiff wishes to amend his complaint to request declaratory and injunctive relief against Mr. Griffen, who already is named as a defendant to this action, the plaintiff shall be permitted to do so. However, the plaintiff must include such requests in his single amended complaint to be filed. To the extent the motion could be construed as asking the court for emergency declaratory and injunctive relief, the motion is **DENIED** as failing to meet the standards of Federal Rule of Civil Procedure 65.

### IV. "Motion to Amend State of Tennessee New Cause of Action Double Jeopardy" (Doc. No. 15); Motion to Amend Complaint re: attorney Brian Griffen (Doc. No. 18); Motion to Amend Complaint re Cheryl Blackburn (Doc. No. 19); Motion to Amend CCS Medical New Cause of Action Mental Health" (Doc. No. 20)

The plaintiff has filed four motions to amend his complaint for the purpose of adding new claims and new defendants. (Doc. Nos. 15, 18, 19, 20). The plaintiff previously filed three other motions to amend his complaint (Doc. Nos. 5, 6, 8), which the court granted. In so doing, the court directed the plaintiff to file <u>a single amended complaint</u> that complies with Federal Rule of Civil Procedure 8, <u>except that</u> the plaintiff should not include any allegations pertaining to his state criminal charges or proceedings, as those claims have been dismissed. (Doc. No. 16 at 10). As

4

such, the court will not accept piecemeal amendments to the plaintiff's original complaint, and the plaintiff's motions (Doc. Nos. 15, 18, 19, 20) are **DENIED** for that reason. However, the plaintiff may include the allegations he raises in these motions in his single amended complaint to be filed.

The plaintiff is reminded that his amended complaint should contain a "short and plain statement of the claim", showing that the plaintiff is entitled to relief on any legally sustainable grounds. The amended complaint should be organized so that it clearly identifies the claims against each defendant; however, the amended complaint should not include any allegations related to the plaintiff's state criminal proceedings. If the plaintiff submits exhibits in support of his amended complaint, those exhibits must be clearly labeled and indexed. For example, an appropriate label would be: "Exhibit 1 to the amended complaint, Letter from John Doe dated October 16, 2019." (*Id*. at 10-11).

The court previously directed the plaintiff to file his single amended complaint no later than January 15, 2020. (Doc. No. 17 at 3). The court informed the plaintiff, however, that he could request an extension of time to comply with the court's order if he sought the extension within 30 days of entry of the court's order. (*Id*.).

To the extent that the plaintiff's latest filings reflect a request by plaintiff for an extension of time within which to submit a single amended complaint that complies with Federal Rule of Civil Procedure 8, the plaintiff's request for an extension is **GRANTED**. The plaintiff **MUST** submit a single amended complaint no later than February 10, 2021. If the plaintiff fails to submit an amended complaint within the proscribed time period, or if the plaintiff fails to comply with the court's instructions and Federal Rule of Civil Procedure 8 in submitting his amended complaint, this action is subject to dismissal by the court.

## V. "Motion to File 28 U.S.C. § 951 and Rule 60 B" (Doc. No. 21)

In this motion, the plaintiff seeks to initiate a complaint and investigation against "Criminal Court Clerk, Commissioner, Attorney Chad Himan, Judge Blackburn, Metro Police Dept, Police Office David Elliotte, Attorney Brian Griffen, Judge Daine [sic] Turner, Pre-Trial D.C.S.O., Booking, Case Manager K. Whidbe", alleging these individuals and entities have engaged, and are engaging, in illegal activities. (Doc. No. 21 at 1).

"Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of the plaintiff. The motion (Doc. No. 21) is **DENIED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge