UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CEDRIC DIXON,** | ) |
| Plaintiff, | ) |
| | ) No. 3:20-cv-00991 |
| v. | ) |
| | ) Judge Trauger |
| **METRO NASHVILLE POLICE DEP'T,** *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

By order and memorandum opinion entered on December 23, 2020, the court granted prisoner-plaintiff Cedric Dixon's application to proceed in forma pauperis, reviewed his pro se complaint pursuant to the Prison Litigation Reform Act, and found that his claims pertaining to his state criminal charges and proceedings are barred by the doctrines of issue and claim preclusion. (Doc. Nos. 16 and 17). The court also granted the plaintiff's motions to amend the complaint insofar the court directed the plaintiff to file a single amended complaint that complies with Federal Rule of Civil Procedure 8. (*Id.*).

Pending are the following motions filed by the plaintiff: motion to remove the undersigned (Doc. No. 22); motion to amend the complaint (Doc. No. 23); motion for a temporary restraining order (Doc. No. 27); motion for emergency declaratory and injunctive relief (Doc. No. 29); and two motions to appeal. (Doc. Nos. 28 and 30). The court will address each motion herein.

**I.    Motion to Remove Judge Aleta A. Trauger (Doc. No. 22)**

First, the plaintiff has filed a motion to remove the undersigned from adjudicating this action. Although the plaintiff does not cite to either statute, 28 U.S.C. §§ 144 and 455 govern judicial recusal for bias or prejudice against, or in favor of, one party to a proceeding. Under

1

§ 144, recusal is mandatory once a party seeking a federal judge's recusal submits a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." To be "sufficient," the affidavit must "state the facts and the reasons for the belief that bias or prejudice exists," and it must be "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

The plaintiff has not filed an affidavit or declaration in support of his motion, and, because he proceeds pro se, he has not submitted "a certificate of counsel of record stating that [such affidavit] is made in good faith." 28 U.S.C. § 144. The Sixth Circuit has not addressed the issue of whether a party who proceeds without counsel should be excused from the certificate-of-counsel requirement, but it has stated that "[t]he requirements of § 144 are strictly construed to prevent abuse because the statute is heavily weighted in favor of recusal." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 353 (6th Cir. 2007). At least one circuit requires a pro se litigant to sign a certificate of good faith himself to meet the technical requirements of § 144. *Parker v. Bd. of Supervisors*, 270 F. App'x 314, 316 (5th Cir. 2008). District courts' consideration of the issue varies. *See, e.g., Reed-Bey v. Pramstaller,* No. , 2011 WL 37964, at *1 (E.D. Mich. Jan. 5, 2011) (finding that it need not resolve the issue of whether and how a pro se litigant can request recusal under § 144 because plaintiff's affidavit, even if considered, was legally insufficient to support disqualification under §§ 144 and 455); *Melvin v. Soc. Sec. Admin.*, No. 5:09-CV-235-FL, 2010 WL 3743543, at *2 (E.D.N.C. Sept. 14, 2010) (noting that the plain language of § 144 precludes a pro se plaintiff from bringing a recusal motion without a certificate of good faith signed by a member of the bar, but nonetheless addressing the merits of a pro se plaintiff's § 144 recusal motion "in the spirit of liberality afforded to pro se litigants"); *Buckenberger v. Reed*, No. 06-7393,

2

2010 WL 3523021, at *1–*2 (E.D. La. Aug.31, 2010) (holding that the certification requirement precludes use, by pro se litigants, of § 144 as a means to seek recusal; *United States v. Rankin*, 1 F. Supp. 2d 445, 450 (E.D. Pa. 1998) (holding that § 144 requires a member of the bar of the court to sign the certificate of good faith that accompanies the affidavit of a pro se movant).

Even if this Court excuses the plaintiff from the requirement that he file a certificate of good faith, his failure to submit an affidavit substantiating his allegations of bias is fatal to his motion if it is construed under § 144. *Cf. Scott*, 234 F. App'x at 353 (stating the requirements of § 144 are to be strictly construed, and declining to consider whether recusal was proper under § 144 in the case before it, as the petitioner had not complied with the procedural requirements of that statute); *Rankin*, 1 F. Supp. 2d at 450 (finding the defendant's motion procedurally defective in part because the defendant had filed no affidavit). On that basis alone, recusal is not warranted under § 144. Further, even if the plaintiff's allegations were verified under penalty of perjury, his statements are legally insufficient to support disqualification under § 144. The plaintiff appears to misunderstand and/or disagree with the prior substantive rulings made by the Court and, instead, assumes without proof that the Court is biased against him. Once the plaintiff's motion is stripped of conclusory statements and speculation, the few factual allegations that remain, even if true, do not establish bias or prejudice that warrants reassignment of this case.

Recusal is not required under § 455 either. Section 455 does not contain the same procedural requirements as § 144. Instead, this provision addresses the perception of impartiality generally, and financial conflict of interest in particular. It provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

3

> (1) Where he has a personal bias or prejudice concerning a party . . . ;
>
> * * *
>
> (4) He knows that he, individually or as a fiduciary, or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding. . . .

28 U.S.C. § 455(a) & (b). The purpose of this provision is to "'promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 383 (6th Cir. 1997) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)).

Because § 455 does not incorporate § 144's affidavit and certification-of-counsel requirements, "§ 455 does not require a judge to 'accept as true the allegations made by the party seeking recusal.'" *Scott*, 234 F. App'x at 353 (quoting *In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997)). Instead, the district court may make the necessary factual findings and decide whether the facts warrant disqualification. *Id*. at 353–54. "When considering a § 455 recusal request, 'the judge is free to make credibility determinations, assign to the evidence what he believes to be its proper weight, and to contradict the evidence with facts drawn from his personal knowledge.'" *Id*. at 354 (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985)). As the Sixth Circuit has stated, "the ultimate question" under § 455 is whether "'a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Id*. (quoting *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir.1999)). "The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citation and internal quotation marks omitted).

4

If there is a close question, objectively, as to whether there is an appearance of impartiality, the presiding judge must recuse himself or herself. *Union Planters Bank*, 115 F.3d at 383. On the other hand, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (Rehnquist, J.). Thus, recusal is not a step to be taken lightly or without sufficient reason.

In the present case, the plaintiff has not presented any factual basis supporting the appearance of impropriety, and none of the factors set forth in 28 U.S.C. § 455 requires reassignment of this case. "A party cannot establish bias simply because it is unhappy with a district judge's rulings." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) ("Notably absent are any facts that would support a finding of personal bias on the part of the judge."). *Cf. Sammons*, 918 F.2d at 599 ("Additionally, the petition for mandamus contains nothing but conclusory allegations and does not point to any extrajudicial sources from which the alleged bias and prejudice might have arisen. Accordingly, even if it had been filed as an affidavit, we would not read it to compel recusal.").

The court rejects the plaintiff's assertions of impropriety and, further, will have no difficulty in assessing his present motions in a fair and impartial manner. The motion for recusal (Doc. No. 22) therefore will be denied.

**II. Motion to Amend the Complaint (Doc. No. 23)**

The plaintiff has filed yet another motion to amend his complaint. The plaintiff previously has requested permission to amend his complaint, which the court granted. In so doing, the court directed the plaintiff to file <u>a single amended complaint</u> that complies with Federal Rule of Civil Procedure 8, <u>except that</u> the plaintiff should not include any allegations pertaining to his state criminal charges or proceedings, as those claims have been dismissed. (Doc. No. 16 at 10). As

such, the court will not accept piecemeal amendments to the plaintiff's original complaint, and the plaintiff's motion (Doc. No. 23) will be denied for that reason.

It appears that the plaintiff now has filed what he intends to serve as his single amended complaint. (*See* Doc. No. 25, "Affidavit of Complaint re 1 Complaint"). The Clerk will be directed to file Doc. No. 25 ("Affidavit of Complaint re 1 Complaint") as the operative amended complaint on the docket.

### III. Motions for a Temporary Restraining Order (Doc. No. 27) and Emergency Declaratory and Injunctive Relief (Doc. No. 29)

First, the plaintiff seeks a temporary restraining order against the Metro Nashville Police Department, David Elliot, and Magistrate Judges Carolyn Piphus, Normal Harris, Steve Holzapfol, and William Higgins. The plaintiff alleges that certain individuals "keep[] giving David Elliot the assignment to harass [the plaintiff] with S.O.R. when [he] was never charged with no [sic] sex crime." (Doc. No. 27 at 1). The plaintiff states that he "need[s] this (TRO) Temporary Restraining Order" because "Attorney Brian Griffin and his brother District Attorney Will Griffin" are "conspiring with David Elliot and these Judges." (*Id*. at 3).

The plaintiff also seeks emergency declaratory and injunctive relief against the Tennessee Bureau of Investigation, David Elliot, and the Metro Nashville Police Department because "they have illegal[ly] put [him] on S.O.R. and won't take [him] to court." (Doc. No. 29 at 1).

Federal Rule of Civil Procedure 65 governs the Court's power to grant injunctive relief, including temporary restraining orders without notice. Fed. R. Civ. P. 65(b). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo

between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). "Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). Further, where "a preliminary injunction is mandatory—that is, where its terms would alter, rather than preserve, the status quo by commanding some positive action . . . the requested relief should be denied unless the facts and law clearly favor the moving party." *Glauser-Nagy v. Med. Mut. of Ohio*, 987 F. Supp. 1002, 1011 (N.D. Ohio 1997).

In determining whether to issue a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a TRO or a preliminary injunction). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (internal quotations omitted).

In this case, a careful balancing of the factors weighs against granting the plaintiff's request for emergency or temporary injunctive relief.

First, under controlling Sixth Circuit authority, the plaintiff's "initial burden" in demonstrating entitlement to injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Here, however, the court already has reviewed the plaintiff's initial complaint pursuant to the Prison Litigation Reform Act. and has determined that the plaintiff's claims pertaining to his state criminal charges and proceedings[1] are barred by the doctrines of issue and claim preclusion. (*See* Doc. No. 17 at 3). Therefore, the plaintiff cannot demonstrate a likelihood of success on the merits with respect to those claims.

With regard to the second factor, as the court understands it, the plaintiff is asking this court to enjoin, or restrict, the actions of state court judges as well as the actions of attorneys appearing before the state court. This request appears to be related to the allegations raised in the complaint that the plaintiff's constitutional rights have been and are being violated in the course of state criminal proceedings against him. As noted, the court previously considered these allegations. The court cannot provide the relief the plaintiff now seeks for a number of reasons: because the plaintiff's claims pertaining to his state criminal charges and proceedings are barred by the doctrines of issue and claim preclusion; the court cannot interfere with pending state court proceedings; and/or the court cannot grant the requested relief under *Heck v. Humphrey*, 512 U.S. 477 (1994), all of which the court explained at length in its prior memorandum. (*See* Doc. No.

---

[1] A significant portion of the initial complaint is devoted to allegations that the plaintiff's constitutional rights have been and are being violated in the course of state criminal proceedings against him, including allegations that he is being followed, harassed, prosecuted, and discriminated against because he is Black; proper procedures have not been followed in his indictment and prosecution; he is being subjected to double jeopardy; his attorney refused to follow his directions; and he is innocent of the prostitution-related charges against him. Interspersed throughout the plaintiff's allegations pertaining to his state criminal proceedings are allegations including, but not limited to, conspiracy, sexual harassment, racial discrimination, unconstitutional conditions of confinement, defamation, slander, unlawful employment termination, deprivation of property, and retaliation. (*See* Doc. 1).

16). Consequently, with regard to the second factor, the court is unable to find that the plaintiff is likely to suffer irreparable harm absent preliminary injunctive relief.

And, while it appears that no third parties would be harmed if the preliminary injunction were issued, neither does it appear that any public interest would be served.

In summary, the court finds that the plaintiff has not borne his burden for issuance of temporary or permanent injunctive or declaratory relief. The plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm. Accordingly, the plaintiff's motions (Doc. Nos. 27 and 29) will be denied.

### IV. "Motion to Appeal the Dismiss Case of Doc Metro Nashville Police Dept. et. al., 15, 18, 19, 20" (Doc. No. 28) and "Motion to Appeal the Dismissed Case of Metro Nashville Police Dept. et. al." (Doc. No. 30)

The plaintiff's "Motion to Appeal the Dismiss Case of Doc Metro Nashville Police Dept. et. al., 15, 18, 19, 20" expresses an intent to appeal the court's disposition of four of the plaintiff's many motions to amend the complaint. By order and memorandum opinion of the court entered on February 1, 2021, the court denied those motions to amend (Doc. Nos. 15, 18, 19, and 20) because the court previously had granted the plaintiff permission to file a single amended complaint. (Doc. No. 24 at 4-5). The court already had informed the plaintiff that it would not accept piecemeal attempts at litigating this case.

With respect to the plaintiff's intent to appeal "the dismissed case of Metro Nashville Police Dept. et. al.", the plaintiff is mistaken. This case has not been dismissed. However, the court previously has determined that the plaintiff's claims pertaining to his state criminal charges and proceedings are barred by the doctrines of issue and claim preclusion and are subject to dismissal.[2] (*See* Doc. No. 16). It appears that the plaintiff desires to appeal this determination.

---

[2] As the court explained, due to the length and obfuscation of the complaint, it would be laborious for the court to parse each page to identify every defendant against whom the plaintiff asserts claims related to his state criminal

9

The orders sought to be appealed by the plaintiff are not final orders in this case.

**V.      Conclusion**

For the reasons explained above, the court will deny the following the motions filed by the pro se prisoner-plaintiff: motion to remove the undersigned (Doc. No. 22); motion to amend the complaint (Doc. No. 23); motion for a temporary restraining order (Doc. No. 27); and motion for emergency declaratory and injunctive relief (Doc. No. 29).

Further, the plaintiff has filed two motions in which he expresses an intent to appeal certain decisions of the court. (Doc. Nos. 28 and 30). The orders sought to be appealed by the plaintiff are not final orders in this case. Therefore, the court will decline to certify this matter for interlocutory appeal under 28 U.S.C. § 1292(b).

An appropriate order will be entered.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

proceedings. However, because the court is directing the plaintiff to file an amended complaint, the court will dismiss all appropriate defendants after the receipt and screening of the amended complaint. (See Doc. No. 17 at 3 n.1).